```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
TRUSTEES OF THE NEW YORK CITY                               :
DISTRICT COUNCIL OF CARPENTERS                              :
PENSION FUND, WELFARE FUND,                                 :
ANNUITY FUND, AND APPRENTICESHIP,                           :
JOURNEYMAN RETRAINING,                                      :       20-cv-0976 (VSB) (OTW)
EDUCATIONAL AND INDUSTRIAL FUND,                            :
et al.,                                                     :              ORDER
                                                            :
                            Petitioners,                    :
                                                            :
            - against -                                     :
                                                            :
L.A. MAYS INC.,                                             :
                                                            :
                            Respondent.                     :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/23/2020

VERNON S. BRODERICK, United States District Judge:

On February 5, 2020, Petitioners—Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Restraining, Educational and Industry Fund (the "ERISA Funds"); Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Fund"); the Carpenter Contractor Alliance of Metropolitan New York (collectively with the ERISA Funds and the Charity Fund, the "Funds"); and New York City District Council of Carpenters (the "Union")—filed a petition for confirmation of an arbitration award ("Petition") issued against Respondent L.A. Mays Inc. ("L.A. Mays") pursuant to Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and for attorney's fees and costs incurred during the confirmation proceeding. (Doc. 1.)  On that same day, Petitioners filed a memorandum of law in support of their Petition. (Doc. 5.)  The Petition was served on February 7, 2020.  (Doc. 7.)  L.A. Mays has not opposed the Petition, requested additional time to oppose the Petition, or appeared in this action at all.

On March 30, 2020, Petitioners requested that I review the Petition as an unopposed motion for summary judgment.  (Doc. 8;) *see also D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006).  On April 1, 2020, I granted that request and referred the case to Magistrate Judge Ona T. Wang for a report and recommendation on the Petition.  (Docs. 9–10.)

On October 5, 2020, Magistrate Judge Wang issued her Report and Recommendation, recommending that the Petition to confirm all portions of the arbitration award be granted, with interest to accrue at the statutory rate under 28 U.S.C. § 1961.  (Doc. 11 at 7, 9–10.)  Magistrate Judge Wang also recommended that the request in the Petition to award Petitioners $927.50 in attorney's fees and $70 in costs be granted.  (*Id.* at 7–9.)  Neither Petitioners nor L.A. Mays filed an objection to the Report and Recommendation.

In reviewing a magistrate judge's report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within 14 days of being served with a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).  When a party submits a timely objection, a district court reviews de novo the parts of the report and recommendation to which the party objected.  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3).  When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error.  *Santana v. Comm'r of Soc. Sec.*, No. 17-CV-2648 (VSB) (BCM), 2019 WL 2326214, at *1 (S.D.N.Y. May 30, 2019); *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

Here, although the Report and Recommendation explicitly provided that "[t]he parties shall have 14 days (including weekends and holidays) from service of this Report and Recommendation to file written objections," (Doc. 11 at 10,) neither party filed an objection or sought additional time to file an objection. I therefore reviewed Magistrate Judge Wang's thorough and well-reasoned Report and Recommendation for clear error and, after careful review, found none.

Accordingly, I ADOPT the Report and Recommendation in its entirety. The Petition is granted and the arbitration award is confirmed in full. Respondents are directed to pay Petitioners $2,400 in damages. Petitioners are also awarded $997.50 in attorney's fees and costs, and post-judgment interest in accordance with 28 U.S.C. § 1961(a).

The Clerk's Office is respectfully directed to terminate any open motions, to enter judgment in accordance with this Order, and to close this case.

SO ORDERED.

Dated: November 23, 2020
    New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge